**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RANDALL E. KEHOE,**

                        **Plaintiff,**               **1:08-CV-566**
                                                     **(GLS/DRH)**

        **v.**

**TRAVELERS INSURANCE COMPANY,**

                       **Defendant.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

RANDALL E. KEHOE, ESQ.
*Pro Se*
127 Madison Avenue
Albany, NY 12202

**FOR THE DEFENDANT:**

Stradley, Ronan Law Firm       CRIAG R. BLACKMAN, ESQ.
2600 One Commerce Square     HEATHER M. TASHMAN, ESQ.
Philadelphia, PA 19103

Hinman, Straub Law Firm        DAVID W. NOVAK, ESQ.
121 State Street
Albany, NY 12207

Tobin, Dempf Law Firm         MICHAEL L. COSTELLO, ESQ.
33 Elk Street
Albany, NY 12207

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Randall E. Kehoe ("Kehoe") seeks recovery under a Standard Flood Insurance Policy ("SFIP") issued to him by The Standard Fire Insurance Company ("Standard"), misnamed in the complaint as Travelers Insurance Company.  Standard has moved for summary judgment.  For the reasons that follow Standard's motion is granted, and Kehoe's action is dismissed in its entirety.

### II. Background

Kehoe owns a residence located at River Bend Road in Troy, New York.  From December 3, 2006 to December 3, 2007, the property was insured against flood damage through an SFIP issued by Standard under the National Flood Insurance Program ("NFIP").  On May 8, 2007, Kehoe notified Standard that the property had suffered a flood related loss due to a Nor'easter[1] the previous day.  Subsequently, Kehoe was in frequent contact with Standard regarding his claim, and provided the insurer with an independent engineer's report which opined the loss was due to erosion

---

[1]Nor'easters are strong storm systems which form along the east coast of the United States.

caused by flood waters.  However, at no point did Kehoe submit a signed and sworn proof of loss detailing the amount of damages to which he was allegedly entitled.  After the property was inspected by a "courtesy" adjustor and engineer provided by Standard, Kehoe's claim was denied because the alleged loss was caused by earth movement, which was specifically excluded under his SFIP.

On May, 28, 2008, Kehoe filed a complaint seeking damages for breach of contract under federal common law (Count One); breach of contract terms within the SFIP (Count Two), and for breach of fiduciary duty under federal common law (Count Three).  Presently, the court addresses Standard's motion for summary judgment.

### III.  Standard of Review

The standard for the grant of summary judgment is well-established, and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

### IV.  Discussion

Congress created the NFIP under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*  The NFIP's purpose is, in part, to make

"flood insurance ... available on a nationwide basis through the cooperative efforts of the Federal Government and the private insurance industry."  42 U.S.C. § 4001(d).  The program is currently overseen and implemented by the Federal Emergency Management Agency ("FEMA").  *See* 42 U.S.C. § 4011.  In 1983, FEMA created the Write Your Own ("WYO") program, through which private insurance companies, such as Standard, are permitted to issue SFIPs in their own names as "fiscal agent[s] of the Federal Government."  *See* 44 C.F.R. § 62.23(a), (g).  Under this arrangement approved claims are paid by FEMA, with the WYO company that issued the SFIP receiving a percentage payment of the claim paid.  See 44 C.F.R. Pt. 62, App. A, Art. III(C)(1).

FEMA regulations dictate the exact content of all SFIPs, which must conform to the insurance policy codified at 44 C.F.R. Pt. 61, App. A(1).  *See* 44 C.F.R. § 61.4(b).  WYO companies cannot waive or vary the SFIP terms and conditions set forth by FEMA without the express written consent of the Federal Insurance Administrator.  See 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c), (d).  As relevant to the current motion, all SFIPs require that an insured claiming a flood loss submit a signed and sworn proof of loss within 60 days of the loss.  44 C.F.R. Pt. 61, App. A(1), Art.

4

VII(J)(4).   Specifically, the SFIP codified at Appendix A states:

> Within 60 days after the loss, send us a proof of loss, which is
> your statement of the amount you are claiming under the policy
> signed and sworn to by you, and which furnishes us with the
> following information ... [f.]  Specifications of damaged buildings
> and detailed repair estimates;...

*Id.* at Art. VII(J)(4)(f).

Here, Standard contends that Kehoe's complaint must be dismissed in its entirety because: 1) Kehoe has failed to timely submit a signed and sworn proof of loss as required by his SFIP; and 2) the alleged loss was not covered by the SFIP in any event.  Finding the first argument to be dispositive, the court declines to address the second.

Kehoe does not dispute that he failed to submit a signed and sworn proof of loss to Standard.  Nonetheless, he contends that he should not be barred from recovering under his SFIP, because he "substantially complied with the reporting requirements for notice of loss."  Specifically, Kehoe asserts that a report submitted by his engineer and his "constant communication and writings by email and letter" to the insurer may be considered an adequate substitute for a proof of loss.  Kehoe's argument is without merit.

The Supreme Court has stated that an insured seeking recovery

under a federal insurance program must strictly comply with all terms and conditions of the policy.  *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947).  As such, every circuit to address the requirements of recovery under an SFIP has held that an insured's claim cannot be paid unless he has timely submitted a complete proof of loss which is signed and sworn to. *See Suopys v. Omaha Property & Cas.*, 404 F.3d 805, 810 (3d Cir. 2005); *Dawkins v. Witt*, 318 F.3d 606 (4th Cir. 2003); *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733-34 (8th Cir. 2001); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir. 2000); *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998); *M.D. Phelps v. FEMA*, 785 F.2d 13 (1st Cir. 1986). Correspondingly, courts have resoundingly rejected the notion that "substantial compliance" with the proof of loss requirement suffices for recovery under a SFIP.  *See, e.g., Mancini*, 428 F.3d at 734; *Flick*, 205 F.3d at 390; *Gowland*, 143 F.3d at 954.  Thus, the amalgam of materials Kehoe allegedly provided to Standard cannot excuse his failure to timely submit a proper proof of loss, as such materials are not sworn to and fail to indicate the amount claimed under the policy, as required by Article VII(J)(4) of the SFIP.  *See Exim Mortg. Banking Corp. v. Witt*, 16 F. Supp.

2d 174, 176 (D. Conn. 1998) (holding that "[a] 'proof of loss' that does not contain the amount the insured 'is claiming' and is not filed within 60 days of the loss cannot constitute a 'proved loss' covered by flood insurance").

Kehoe also appears to contend that his failure to file a proof of loss should be excused because he was advised by his personal insurance agent that his loss was covered, and he had no indication that any proof of loss was required beyond his engineer's report.  The court rejects this argument.  "[T]hose who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law."  *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63 (1984).  This expectation extends to claimants who deal with fiscal intermediaries of the Government.  *Id.*  Here, the SFIP Standard issued to Kehoe is a federally promulgated and codified legal document, under which claims are paid out of the public treasury.  Accordingly, Kehoe is charged with notice of its terms, including the proof of loss requirement, despite his purported ignorance*. See Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 131 F. Supp. 2d 910, 919 (S.D. Tex. 2001); *Messa v. Omaha Property & Cas. Ins. Co.*, 122 F. Supp. 2d 523 (D.N.J. 2000).

## V. **Conclusion**

7

For the reasons set forth above the court finds that there is no genuine issue of material fact which requires a trial on the merits. Kehoe's failure to timely submit a proper proof of claim bars the present action as a matter of law. Accordingly, summary judgment must be entered in Standard's favor, and Kehoe's action will be dismissed.[2]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 14.) is **GRANTED** and the complaint **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Dated: January 12, 2009

---

[2]The court notes that the parties have not discussed the viability of Kehoe's claims under federal common law. However, to the extent it may be contended such causes of action should survive, courts have recognized that actions arising out of the handing of claims under the National Flood Insurance Act do not give rise to federal common law claims. *See Howell v. State Farm Ins. Cos.*, 448 F. Supp. 2d 676 (D. Md. 2006); *Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675 (E.D. Tex. 2004).

Albany, New York

Gary L. Sharpe
U.S. District Judge